**ON REHEARING**
**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 07-4881**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

CHRISTOPHER TERRELL SHORT,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Sr., Senior District Judge. (1:07-cr-00084-WLO)

───────────

Submitted: April 12, 2010      Decided: October 28, 2011

───────────

Before TRAXLER, Chief Judge, and GREGORY and AGEE, Circuit Judges.

───────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

───────────

Richard L. Cannon, III, CANNON LAW OFFICES, PLLC, Greenville, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Christopher Terrell Short pled guilty to possession with intent to distribute 1000.2 grams of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced him as a career offender to a 190-month term of imprisonment. On appeal, Short's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal but questioning the procedural reasonableness of Short's sentence. Short filed a pro se supplemental brief. In our initial opinion, we affirmed the district court's judgment. We previously granted Short's petition for panel rehearing and now affirm the conviction, vacate the sentence, and remand for resentencing.

Although neither Short nor his counsel challenges the adequacy of plea hearing on appeal, we have reviewed the transcript of the plea hearing for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (providing standard). Our careful review of the record convinces us that the district court substantially complied with the mandates of Fed. R. Crim. P. 11 in accepting Short's guilty plea and that any omission on the court's part did not affect Short's substantial rights. Moreover, the district court ensured that Short's guilty plea was knowing and voluntary and supported by a

2

sufficient factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Short and his counsel question the procedural reasonableness of Short's sentence. We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. This court assesses procedural reasonableness by determining whether the district court properly calculated the advisory Guidelines range, considered the factors in 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). Finally, if there is no significant procedural error, this court reviews the substantive reasonableness of the sentence. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Short asserts that his prior North Carolina convictions for possession with intent to sell and deliver cocaine were not felonies because he was subject to a maximum sentence of less than twelve months. He therefore argues that these prior convictions should not have been used to classify him as a career offender. Because Short did not advance this argument in the district court, our review is for plain error.

See United States v. Slade, 631 F.3d 185, 189 (4th Cir.) (discussing standard), cert. denied, 131 S. Ct. 2943 (2011); United States v. Knight, 606 F.3d 171, 177-78 (4th Cir. 2010) (same).

We initially rejected Short's challenge to his career offender designation based upon our prior ruling in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). However, in our recent en banc decision in United States v. Simmons, 649 F.3d 237, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (No. 08-4475), we overruled Harp and held that, under North Carolina's statutory sentencing scheme, a defendant is convicted of a crime punishable by more than one year only if an offender with the same prior record level and convicted of similar aggravating factors could have received a sentence exceeding one year. Id. at *5-*9. In making this determination, a court must consider the defendant's particular "state record of conviction." Id. at *9.

The state court judgment of conviction entered against Short indicates that his prior convictions for possession with intent to sell and deliver cocaine were classified as Class H felonies. In addition, Short had a prior record level of III and was not charged with any aggravating factors. Given these facts, Short could have been sentenced to a presumptive minimum term of eight to ten months or a mitigated minimum term of six

4

to eight months.  See N.C. Gen. Stat. § 15A-1340.17(c) (2009). The state court applied the mitigated range, sentencing Short to a minimum term of six months and a maximum term of eight months. See N.C. Gen. Stat. § 15A-1340.17(d) (2009).

Applying the Simmons holding here, we conclude that North Carolina's statutory sentencing scheme allowed the state court to impose a maximum possible sentence in the mitigated range of ten months.  See N.C. Gen. Stat. § 15A-1340.17(d) (2009).  Thus, neither of Short's convictions for possession with intent to sell and deliver cocaine qualified as a predicate offense for career offender purposes.  Because it is now clear that Short was sentenced improperly as a career offender,[1] we vacate his sentence and remand for resentencing.[2]  See United States v. Lewis, 606 F.3d 193, 201 (4th Cir. 2010) ("[This Court has] emphasized that [a] sentence based on an improperly

_____

[1] The district court, of course, did not have the benefit of our decision in Simmons at the time it sentenced Short.

[2] In light of our holding, we need not address Short's claims that the prior convictions should have been counted as a single sentence, that Amendment 709 to the Sentencing Guidelines applied to his case, and that the district court failed to adequately explain its reasons for imposing a 190-month career offender sentence and failed to depart downward on the ground that the career offender Guidelines range overstated Short's criminal history.  To the extent counsel also attempts to challenge the validity of Short's January 31, 2001 predicate offense, he may not do so in this appeal.  See Custis v. United States, 511 U.S. 485, 493-97 (1994).

calculated [G]uidelines range will be found unreasonable and vacated.") (internal quotation marks omitted).

In accordance with Anders, we have reviewed the entire record for any other meritorious issues and have found none. We therefore affirm Short's conviction, vacate his sentence, and remand for resentencing. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED